ROBBINS M. WITHERBEE, APPELLANT, *v.* CHARLES R.
PARIS, AS ADMINISTRATOR OF THE PERSONAL ESTATE OF
AUGUSTUS HALE, DECEASED, RESPONDENT.

*Liability of the owner of a vessel for charges incurred by the master — canal boat.*

The doctrine that the master of a vessel is the agent of its owner, and, as such, can
bind the owner for necessary supplies furnished to enable the vessel to proceed
on its voyage, is applicable to canal boats.

If, however, in fact, the master of a vessel does not contract as agent of the owner,
but obtains repairs or supplies under a special contract on his own credit, or on
the credit of some person other than the owner, the owner is not bound.

APPEAL by the plaintiff, Robbins M. Witherbee, from a judgment
of the Supreme Court, entered in the office of the clerk of Wash-
ington county on the 8th day of August, 1892, in favor of the
defendant, on the report of a referee, dismissing the complaint.

The action was brought to recover $100 and interest.  The com-
plaint alleged that on or about August 15, 1890, the defendant was
running a canal boat belonging to the personal estate of Augustus
Hale, deceased, of which estate the defendant was administrator,
and transporting a cargo of ice through the Champlain canal ; that
at the request of the master of the boat, and to enable him to pro-
ceed through the canal with the cargo of ice, the plaintiff advanced
to the master for the purpose aforesaid, according to the custom and
upon the usual terms, the sum of $100, to be repaid upon the com-
pletion of the voyage and the discharge of the cargo ; and that,
although duly demanded, the said sum had not been repaid.

The answer denied all the allegations of the complaint, except
those as to the administratorship of the defendant and the demand.

The referee found, in effect, that during the winter or spring of
1890 Augustus Hale, late of Sandy Hill, Washington county, New
York, and William Guindon were partners in the business of storing
ice for sale at or near St. John's, Canada.   That Augustus Hale
died in June, 1890, intestate, and the defendant was appointed
administrator of his personal estate June 30, 1890.   That at the
death of Augustus Hale there was a certain quantity of ice on hand
at St. John's owned by him and Guindon, as partners, and Guindon
took exclusive possession thereof as surviving partner, and the ice

mentioned in the complaint was the property of Guindon, individually, as surviving partner. That the canal boat "Henry Hoyle" was a part of Augustus Hale's personal estate, and was in the custody of Joseph Hale, as its master, at the death of Augustus Hale, and Joseph Hale thereafter continued to navigate the boat with the consent of the defendant. That Joseph Hale, as master of the boat, proceeded with it to St. John's in August, 1890, and loaded the boat with a portion of the ice belonging to Guindon, individually, and as surviving partner, and undertook to carry the same to New York, as the agent of Guindon. That when the boat arrived at Whitehall, on its voyage to New York, the master had no funds with which to pay the towing, and was in need of money with which to pay for towing and supplies and other expenses, in order to enable the boat to continue the voyage. That, at Whitehall, on August 5, 1890, the plaintiff advanced to Guindon the sum of $100 at his request, and the money so advanced was received by the master of the boat, as agent of Guindon, for the purpose of enabling the master to pay for the towing and other necessary expenses of the voyage, and was so expended.

*J. Sanford Potter*, for the appellant.

*D. J. Sullivan*, for the respondent.

PUTNAM, J.:

The position of the appellant, that the master of a vessel is the agent of its owner, and, as such, can bind the owner for necessary supplies furnished to enable the vessel to proceed on its voyage, is, I think, correct. (*Thomas* v. *Osborn*, 19 How. [U. S.], 22; *Macy* v. *Wheeler*, 30 N. Y., 240.) Therefore, ordinarily, plaintiff could recover from defendant, as the owner of the canal boat in question, the $100 he furnished to Joseph Hale, its captain, said sum being advanced to pay necessary expenses to enable the boat to continue its voyage to New York. But the authority of a captain of a vessel to bind its owner for repairs and necessary expenses of the voyage is based on his actual or presumptive agency. If, in fact, he does not contract as agent, but obtains repairs or supplies under a special contract on his own credit, or on the credit of some person other than the owner, the latter is not bound. The doctrine applicable in

WITHERBEE *v.* PARIS.

such a case is well stated in *James* v. *Bixby and Others* (11 Mass., 39) as follows : " Where labor is performed upon a ship or any other chattel, the presumption would naturally and legally be that it was done not only for the benefit, but at the request of the owner ; and an implied promise to pay would arise, which, in law, would charge the owner for a reasonable compensation for the work and labor performed."

" But the implication of law may be avoided by showing that there was an express contract for the work and the compensation, or that the work was done upon the credit of another person, with- out any intention of resorting to the owners." (See *Warner* v. *Miller*, 13 Hun, 654 )

In this case, the referee found that the $100 — to recover which, this action was brought — was loaned to William Guindon ; that Joseph Hale, the master of the boat, received it as his agent, and that said money was not advanced to or for the use of defendant.

If this finding is sustained by the evidence it is a defense to the action within the authorities above cited. I think the evidence clearly sustains the conclusions of the referee. The plaintiff charged the $100 to Guindon, presented a claim to him for it, and testified that he had loaned Guindon money before. Hale, the master, testi- fied that he obtained the money in Guindon's name.

Stockwell, plaintiff's clerk, testified that arrangements had been made with Guindon to advance the money. In fact, it is difficult to see how the referee could have reached any other conclusion than he did.

The judgment should be affirmed, with costs.

MAYHAM, P. J., and HERRICK, J., concurred.